# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TODD EDWARD HAMMOND,

    Defendant.

Case No. 06-cr-365 (JNE)

ORDER

In February 2007, Todd Edward Hammond pleaded guilty to production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). ECF No. 45. He was sentenced to a 360-month term of imprisonment. ECF No. 53. On May 11, 2018, Hammond filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 74.[1] Because the record conclusively shows that Hammond is not entitled to relief, the Court denies his § 2255 motion without an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013).

Hammond's motion fails for two reasons. First, it is untimely. There is a one-year limitation period on motions made under § 2255. As set forth in § 2255(f), that period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Hammond first moved to vacate his sentence in June 2008. ECF No. 65. However, as the Government rightly observes, that prior motion should not be construed as a motion made under § 2255. Therefore, Hammond's filing of the instant motion does not raise any issues as to § 2255(h), which precludes the filing of second or successive motions under § 2255 without certification by the Court of Appeals for the Eighth Circuit.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Hammond's judgment of conviction became final in 2008, nearly ten years before he filed his § 2255 motion. Hammond does not allege that the government has impeded him from seeking relief, nor does he invoke a newly recognized right. And, lastly, he does not point to any newly discovered facts. He does refer to the Second Circuit's decision in *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), which held that a child pornography defendant's sentence was unreasonably long. ECF No. 74 at 12. But as the Eighth Circuit has made clear, a post-judgment court decision does not qualify as a newly discovered fact under § 2255(f)(4). *E.J.R.E. v. United States*, 453 F.3d 1094, 1097–98 (8th Cir. 2006); *see also Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (explaining that "§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law."). Accordingly, Hammond's § 2255 motion is untimely.

Even if Hammond's motion were not untimely, however, he would still not be entitled to relief. It is well settled that the scope of a § 2255 attack on a conviction or sentence is "severely limited." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). Hammond makes no such showing. The sole basis for his motion appears to be the Second Circuit's ruling in *Jenkins*. But that decision did not reveal that Hammond's sentence was unreasonable, or that it violated either the Constitution or the laws of the United States in any way, as required by § 2255(a). There is no new constitutional rule articulated in *Jenkins*, and the decision was issued by an appellate court in a sister circuit, not by

the Supreme Court. There are also key differences between the two cases, including the fact that Jenkins was convicted of possession of child pornography, while Hammond pleaded guilty to production. *See Jenkins*, 854 F.3d at 183. Therefore, the *Jenkins* decision does not provide Hammond with any basis for relief under § 2255.

In sum, Hammond's motion is denied because it is untimely and because it fails on the merits. Furthermore, because Hammond has not shown that reasonable jurists would find the Court's disposition in this matter to be debatable or wrong, he will not be granted a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's § 2255 motion [ECF No. 74] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 1, 2018             **s/ Joan N. Ericksen**
JOAN N. ERICKSEN
United States District Judge