UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                   Case No. 06-cr-365 (JNE)

Todd Edward Hammond,               ORDER

      Defendant.

This matter is before the Court upon several motions brought by Defendant Todd Edward Hammond, proceeding pro se. The pending motions include a third motion for compassionate release; a motion for this Court to recuse from deciding that motion; a motion to amend Hammond's second amended sentencing judgment; and other related requests. For the reasons that follow, the Court will deny the motions.

## BACKGROUND

Hammond pleaded guilty to one count of producing child pornography in violation of 18 U.S.C. § 2251(a). In July 2007, the Court imposed a sentence of 360 months of imprisonment, to be followed by a lifetime of supervised release. Hammond is scheduled for release in March 2032. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed May 1, 2023).

After unsuccessfully moving to vacate his sentence pursuant to 28 U.S.C. § 2255, Hammond moved in December 2020 for compassionate release based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). At that time, the government conceded that Hammond's obesity during the COVID-19 pandemic

presented an "extraordinary and compelling" reason supporting early release. But the government argued, and the Court agreed, that the relevant sentencing factors at 18 U.S.C. § 3553(a) "weigh[ed] against release." The Court therefore denied the motion.

Hammond brought a second motion for compassionate release in April 2022. The Court again denied the motion based on the Section 3553(a) factors. The U.S. Court of Appeals for the Eighth Circuit summarily affirmed. This Court also issued a second amended sentencing judgment to correct a clerical error in Hammond's first amended sentencing judgment: the erroneous replacement of a reference to 18 U.S.C. § 2251(e) with a reference to § 2251(c).

Hammond now brings a third motion for compassionate release; a motion asking the Court to recuse from deciding that motion; a motion to amend his second amended sentencing judgment; and several other related filings.

## DISCUSSION

### I. Motion for Recusal

Hammond asks this Court to recuse from deciding his pending motion for compassionate release.[1] He bases this request on the fact that this Court has twice denied

---

[1] A district judge may refer a recusal motion to a different judge for resolution, but is not required to do so. 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3550 (3d ed. 2023 update); *see also Akins v. Knight*, 863 F.3d 1084, 1086–87 (8th Cir. 2017) (per curiam) (rejecting argument that district court erred by failing to transfer recusal motion to another judge for decision). *But see Powell v. Wal-Mart Stores, Inc.*, No. CV 19-1590 (JRT/SER), 2019 WL 4917122, at *2 (D. Minn. Oct. 4, 2019) (stating that, under § 455(a), the "judicial officer for whom recusal is being sought *must* make the recusal determination him- or herself" (emphasis added)). In the circumstances present here, the Court finds it unnecessary—and against the interests of judicial economy—to refer this matter to a different judge.

him compassionate release after purportedly finding that Hammond posed a danger to the public and, in particular, to children. Hammond posits that this Court has a "bias toward sex offenders" that prevents the Court from considering all available evidence of rehabilitation. Hammond's motion lacks merit.

The judicial disqualification statute at 28 U.S.C. § 455 governs this motion. *See Thomas v. Wells Fargo Bank, N.A.*, No. 19-CV-482 (ECT/TNL), 2021 WL 7286086, at *1 (D. Minn. Apr. 6, 2021) (recognizing that, where a recusal motion is not accompanied by a timely filed, legally sufficient affidavit pursuant to 28 U.S.C. § 144, it must be evaluated pursuant to 28 U.S.C. § 455); *see also Holloway v. United States*, 960 F.2d 1348, 1354–55 (8th Cir. 1992). As relevant to Hammond's motion, that statute requires any "justice, judge, or magistrate judge of the United States [to] disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or where she "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). The standard under § 455(a) is objective, asking "'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc), *abrogated on other grounds by Manuel v. City of Joliet*, 580 U.S. 357 (2017), *as stated in Johnson v. McCarver*, 942 F.3d 405, 411 (8th Cir. 2019)). "A judge is presumed to be impartial, and 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Denton,* 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and are almost invariably "proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). That statement holds true especially where the movant "fail[s] to present any evidence demonstrating the judge's partiality." *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013). Similarly, opinions "'formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Denton*, 434 F.3d at 1111 (quoting *Liteky*, 510 U.S. at 555). An opinion that instead "derives from an 'extrajudicial source' . . . could support a bias challenge," *United States v. Collier*, 932 F.3d 1067, 1079 (8th Cir. 2019) (quoting *Liteky*, 510 U.S. at 555), although even some opinions acquired outside of judicial proceedings—for example, in a judge's "scholarly reading" of the law—cannot do so, *Liteky*, 510 U.S. at 554.

Neither Hammond's one-page motion nor anything else indicates bias or partiality here. The two previous denials of compassionate release rest on examinations of the record. *See* ECF No. 115 at 5–6. Hammond does not—and cannot—show any "deep-seated favoritism or antagonism" in those decisions. *Cf. Denton*, 434 F.3d at 1111; *Melton*, 738 F.3d at 906. Moreover, the record belies Hammond's suggestion that this Court did or would ignore evidence of rehabilitation. The Court acknowledged Hammond's low PATTERN score both times it previously denied him compassionate release. *See* ECF No. 91 at 3–4; ECF No. 115 at 6. Both times, the Court nonetheless

4

concluded that the § 3553(a) factors disfavored a sentence reduction.  Hammond appealed the second denial, and the Court of Appeals affirmed.  ECF No. 124.  He does not specify any evidence of rehabilitation that he supposes this Court has failed, or would fail, to consider.  To the extent that Hammond contends that this Court harbors extrajudicially derived biases or prejudices that would cause it to give unfair treatment to sex offenders more generally, the Court rejects this contention, and observes that Hammond provides absolutely no evidence to support such a claim.

In short, no valid basis for disqualification exists.  The motion for recusal will be denied.

## II.     Motion for Compassionate Release

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to certain statutory exceptions.  18 U.S.C. § 3582(c).  One exception, often called "compassionate release," allows a defendant to seek a sentence reduction where "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  A court may grant such a reduction only after considering the sentencing factors of 18 U.S.C. § 3553(a) "to the extent that they are applicable," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).[2]  The defendant bears the burden

---

[2]     The government agrees with Hammond that this motion is properly before the Court.  The Court need not assure itself that Hammond has satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), because that requirement is a claim-processing rule rather than a jurisdictional limitation.  *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (citing *Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017)).

5

to show eligibility for a sentence reduction. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

The U.S. Sentencing Commission has published a policy statement regarding sentence reductions under 18 U.S.C. § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13. It calls for a court to determine that a "defendant is not a danger to the safety of any other person or to the community" before reducing a term of imprisonment. *Id.* It also enumerates the reasons that are so "extraordinary and compelling" as to justify early release. *Id.* On its face, the policy statement applies only to motions brought by the Bureau of Prisons ("BOP") on a defendant's behalf, since only the BOP could request compassionate release when the policy statement was written. *See id.* cmt. n.4. The Sentencing Commission has not published a policy statement regarding compassionate release since Congress made compassionate release available upon a defendant's own motion. *See United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). With respect to compassionate release motions brought by defendants, the Eighth Circuit has stated that Section 1B1.13 and its commentary "may not be ignored," but also that the commentary setting forth extraordinary and compelling reasons for a sentence reduction is "not binding." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Hammond raises two main arguments in support of finding the requisite extraordinary and compelling reasons. First, he refers to the health concerns underlying his last compassionate release motion. According to Hammond, it has "already been decided" that those concerns establish extraordinary and compelling reasons warranting

6

release. Hammond is mistaken. The Court previously acknowledged—as the government had conceded—that Hammond was "experiencing serious health problems." ECF No. 115 at 4, 6. But the government pointed out that Hammond was receiving care for his medical conditions while in custody. The Court thus stopped short of concluding that Hammond had demonstrated an extraordinary and compelling reason for release. Nothing in the record indicates that Hammond's health circumstances are any different now than they were when the Court previously denied compassionate release.

Second, Hammond argues that family circumstances—specifically, his mother's difficulties with managing financial and legal arrangements and with assisting with Hammond's father's end-of-life care—constitute extraordinary and compelling reasons for early release. In the years since Congress enacted the First Step Act, some courts have concluded that a parent's need for care can support a finding of "extraordinary and compelling reasons." *See, e.g.*, *United States v. McCauley*, No. 07-cr-04009-SRB-1, 2021 WL 2584383, at *2 (W.D. Mo. June 23, 2021), *appeal dismissed*, No. 21-2603, 2021 WL 6502202 (8th Cir. Sept. 15, 2021); *United States v. Alvarado*, 569 F. Supp. 3d 1039, 1040–41 (S.D. Cal. 2021); *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019); *see also, e.g.*, *United States v. Ledezma-Rodriguez*, 472 F. Supp. 3d 498, 507 (S.D. Iowa 2020) (granting release but holding that the need to care for a parent was not sufficient to show extraordinary and compelling reasons for release where the defendant "did not produce enough evidence that he is the only available child who can aide his mother"). Other courts have rejected this view. *See, e.g.*, *United States v. McClellan*, No. 16-cr-102 (ADM/HB), 2021 WL 1873426, at *3 (D. Minn. May 10, 2021) ("If

7

family or friends are not able to assist [the defendant's] mother, she will need to continue to rely on community resources to get her transportation and care needs met, even though those services may sometimes be inconvenient or less than ideal."), *aff'd*, No. 21-2175, 2021 WL 5822704 (8th Cir. June 3, 2021); *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

The Court assumes that a parent's need for care may support compassionate release in some circumstances. But such circumstances are not present here. As of the filing of Hammond's motion, his father was receiving "the best of care" in a Veterans Affairs hospital, with placement in a community living facility forthcoming, according to a letter from Hammond's mother that he attached as an exhibit to his motion. ECF No. 130-1 at 5–6. Hammond's mother wrote that she was struggling with anxiety and tired from maintaining her insurance and legal affairs, but also that she was "managing to handle things slowly" and maintaining connections with friends and relatives. *Id.* at 5, 7. It is unclear what sort of necessary care Hammond would be uniquely able to provide if released. Hammond's family circumstances do not amount to extraordinary and compelling reasons that might warrant reducing his sentence.

Hammond also briefly suggests that physical or psychological injury—which he claims to have sustained during an assault while in prison—might constitute extraordinary and compelling reasons. While he asserts that the treatment he received following his injury was "horrifying," he does not point to any evidence that his injury diminishes his capacity for self-care in the prison environment. The Court does not view

any injuries Hammond has sustained in prison as an "extraordinary and compelling" reason for a sentence reduction.

Moreover, the § 3553(a) factors disfavor a sentence reduction. Arguing otherwise, Hammond relies on substantially the same arguments that he presented in support of his last motion. The Court rejected those arguments, considering the Section 3553(a) factors "dispositive," ECF No. 115 at 5, and the Court of Appeals summarily affirmed, ECF No. 124. Nothing has changed that would persuade this Court to depart from its prior findings.

For all of these reasons, the Court will deny Hammond's third motion for compassionate release.

### III.   Motion to Amend Judgment

Hammond also moves to delete a reference to 18 U.S.C. § 2251(e) from his second amended sentencing judgment. Citations to subsection (e)—the penalty provision for Hammond's substantive offense of conviction, production of child pornography in violation of subsection (a)—appeared in both the indictment and the original sentencing judgment. *See* ECF Nos. 1, 53. Although the first amended sentencing judgment cited subsection (c) where the original sentencing judgment had cited subsection (e), the Court corrected this clerical error pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Hammond now moves for deletion of this citation altogether.

The motion is frivolous. A sentencing judgment may properly cite an applicable penalty provision. *See United States v. Chapman*, 345 F.3d 630, 637–38 (8th Cir. 2003). Because Hammond's indictment cited subsection (e), it was proper for both the original

9

sentencing judgment and the second amended sentencing judgment to likewise cite that subsection.

In his reply to the government's opposition to his motion, Hammond refocuses his argument, asserting that the *indictment's* reference to subsection (e) was improper. This argument, too, is frivolous. Hammond's contention that the government cited subsection (e) before the grand jury simply to exaggerate the government's substantive allegations lacks merit. The grand jury indicted Hammond on Count 1, which alleged "violation of Title 18, United States Code, Sections 2251(a) and 2251(e)." ECF No. 1 at 2. Listing the penalty provision in addition to the substantive provision Hammond violated caused him no prejudice. *Cf. United States v. Luster*, 896 F.2d 1122, 1126 n.2 (8th Cir. 1990) (finding no prejudice, and thus no reversible error, where the indictment "identified the charged offenses as violations of the penalty provisions of [21 U.S.C.] subsection 841(b)(1) as well as subsection 841(a)(1)"). Furthermore, Hammond cannot now allege a defect in his charging document. *See* Fed. R. Crim. P. 12(b)(3)(B) (providing that a "defect in the indictment" must be raised before trial if the basis for that objection is reasonably available at that time).

Accordingly, the Court will deny Hammond's motion to amend the second amended sentencing judgment.

## IV. Other Filings

Hammond has filed several other requests related to the motions discussed above. First, Hammond moved for an opportunity to reply to the government's response in opposition to his motion for compassionate release. ECF No. 129. Hammond later filed

a reply. ECF No. 141. Hammond's request is thus moot, and the Court will deny it. Second, Hammond moved for appointment of counsel in connection with his pending motion for compassionate release. ECF No. 133. Hammond then asked to withdraw the motion. ECF No. 135. The Court will therefore deny the motion as moot. Third, Hammond moved to supplement his motion for compassionate release with a different address for his proposed release location. ECF No. 134. Because the Court finds that compassionate release is unwarranted, this request also is moot. Fourth, Hammond moved to "note[] for the record" that his counsel was "ineffectual" for assertedly having failed to "explicitly argue the objections made" in Hammond's presentence investigation report. ECF No. 139. Hammond states that he is "not asking for any remedy." To the extent that this filing asks the Court to acknowledge Hammond's assertion, Hammond has provided no basis for the Court to do so, and the motion will be denied. Fifth, Hammond moved for an extension of time to reply to the government's response in opposition to his motion to amend his sentencing judgment. ECF No. 140. He subsequently filed a reply. ECF Nos. 142, 143. Therefore, the motion will be denied as moot.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Hammond's motion for recusal [ECF No. 138] is DENIED.

2. Hammond's motion for compassionate release [ECF No. 130] is DENIED.

3.   Hammond's motion to amend the second amended sentencing judgment [ECF No. 125] is DENIED.

4.   Hammond's other pending motions [ECF Nos. 129, 133, 134, 139, 140] are DENIED.

Dated: May 2, 2023

      s/   Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge